We will now hear Beliski v. Red Clay Cons Sch Dist. Red Clay Cons Sch Dist. Red Clay Cons Sch Dist. Red Clay Cons Sch Dist. Red Clay Cons Sch Dist. We will now hear Mr. Parente, listen to the question, please. Sign us or not. In his letter to the board, he included four charges, the four disciplinary notices. Okay? He didn't include the first notice because he said he never got it. But the first notice was that he didn't complete something on time, and that was the same as the second disciplinary notice. Now, the board testimony or evidence was that they considered his letter in full and all of his disciplinary, all of the notices, to which he filed his response. Why was that? Now, you say that one member said he didn't think he was contesting, but obviously the letter that the board read and considered contested the validity of the. . . Two reasons. Listen to the question. I'm sorry. To the four charges, the disciplinary charges. Why was that inadequate? Just because one person said he wasn't. . . He didn't contest that he did these things. He didn't contest the facts. He gave reasons why they shouldn't be the subject of his termination. Isn't that right? Yes. Okay. Okay. Which would work in a discrimination case, right? He's saying that Ted Ammon did this and Cara Gaudino did that, but that's a. . . The board. . . People protection. The testimony from the board was we almost always follow whatever the district administration recommends. So. They spent a total of about five minutes reviewing this thing. There was no record made. Obviously some members didn't even think he was contesting it. And if the goal is to avoid, how much more risk can there be in a procedure like this. . . Why should they have thought he was contesting it when he submits a 15-page document. . . That's what I said. . . That doesn't deny any of the charges. He's tacitly admitting the charges by coming up with all of these critiques. He's criticizing how other employees were treated. And he's criticizing the foolishness of the requirements that are placed upon him. That's not. . . That's my point. . . Contesting the charges. That's my point. The board didn't decide whether that amounted to just cause. Well, why do you say that? I mean, did they have to write an opinion? They didn't have to write an opinion, but there's no evidence. Why do you say that that wasn't just cause? I mean, the board then terminated him. They said, we're recommending he be fired, and the board went along with it. So. . . Where's the just cause? The just cause is the fact that there were a bill of particulars lodged against your client that he never disagreed with. You just read the bill of particulars. It screams out just cause. Now, maybe those are lies. Maybe they're fabrications. Maybe they're misunderstandings. But your client didn't say any of that. I'm going to make one more point. There's also. . . I totally disagree with the court. You disagree with him? And I urge the court to look at Gilbert again. Look at Hamily again. Hamily had more procedural due process than Bieliski did, and the court had almost a full-blown pre-termination hearing. Mr. Bernstein. Where he was allowed to confront witnesses. Mr. Bernstein, could we agree that the crucial elements of due process are notice of charges and an opportunity for a hearing to respond? He didn't say he agreed with you. And if those elements are there in a procedure, then it doesn't become the purview of this court to review whether the tribunal made the right decision. No. Or looked at the right documents or anything of the kind. Here's my point. In light of the fact, and it's undisputed, there was no post-termination proceeding, our argument is that this hearing, or whatever you want to call it, was inadequate because there was no post-termination opportunity for a hearing. Go ahead. I don't want to cut you off. If you're not going to give him a post-termination hearing, you've got to give him a much more elaborate opportunity to tell his side pre-termination that happened here. And it's your position that the 15-page letter was not an adequate opportunity. Is that right? Yeah. When you're forced to sit down and work until 5 in the morning to write this up, and if you look at it, a lot of it is just rambling. It's just not fair. If we're talking about fairness and we're talking about no post-termination hearing in violation of Gilbert, the pre-termination procedures have to be more elaborate than what happened here. Reread Hamiley, compare this with Hamiley, and you will agree. We will do that. I really urge the Court to do that. We will do that. Okay. Pay more attention. We will hear from your adversary. Don't do what the Board did. Okay. Thank you. Good morning. Excuse me. My name is Barry Willoughby. I, too, am laboring under a cold, but I can hear fine. I think so is Judge Pollack. I think what the Court has said to Mr. Bernstein, who is a very strong advocate for his clients and very personally supportive of them at all times, in my experience. He's a friend, and I think he's very passionate in what he's saying. But I think he has it wrong. I mean, I think what the Court has pointed out is that Mr. Polisky did get due process. He did submit this 15-page letter. I think where we're departing is he was basically asking for mitigation in that letter. He was not denying any of the underlying offenses. And I think the facts, as Your Honor pointed out. And the Board fully understood that but felt that termination was appropriate. So I think we have an adequate due process hearing. Now, did the Board – there's some question about the first charge, is there not? The first notice, Your Honor. The first disciplinary notice. The testimony in the record is this, Your Honor. When I took Mr. Polisky's deposition, he said, I did not remember getting the notice, but I agree I had the conversation with my superiors about that incident. And that was that he didn't do the work on time? I believe that's correct, Your Honor. There were four different instances. I think that's the one where he said, I agree that I had the conversation with my superiors. They told me about it at his deposition. He said I could not remember actually getting the document. But he acknowledged the incident occurred and that he had a conversation with his superiors about that. Why do you argue that he doesn't have a property right? Doesn't that seem pretty clear? Your Honor, I'm sorry. Go ahead. Actually, I think it's very clear that he does not have a property interest under Delaware law. Well, but you cite these two Delaware cases, but Judge Slover wrote an opinion for this court in 1985 called Stana, right? Your Honor, I'm sorry. Stana says there are three ways, and she'll be able to correct me if I'm wrong. Oh, no. Go ahead. You don't expect me to remember that. But she pointed out in that opinion by statute, by mutual understanding, or by written or unwritten policy. We know we don't have a statute here, nor do we have mutual understanding because the record's clear that Mr. Bieliski was unaware of this, right? But written or unwritten policy, how do you get around this? This was a clear written policy that says that you need just cause to terminate employees of the school district. I understand, Your Honor. It's an unusual area of law because we're dealing with a federal constitutional property interest. But the case law is very clear that that right is derived from state law. Delaware state law is that an employer policy, even a written employer policy, and that's exactly what Heideck says, does not change the employee's at-will status. And we'll all agree there's a case law in the Third Circuit. That's an interesting argument. And are you suggesting that if, as a matter of federal constitutional law, you – and I think Stana was interpreting federal constitutional law, but you read it more recently than I read it – that the state can say you have no property right? Your Honor, it's a very interesting area of law. But certainly the right is a federal right to due process. But the case law is uniform that the basis for that right is derived from state law. And I don't think there's any question about that. I think the case law is very clear about that. So in the present case, the case before us, we have a situation where the Delaware Supreme Court – whether people can disagree about that or not – the Delaware Supreme Court has said very plainly over and over and over again that a unilateral employer policy does not alter an employee's at-will status. Well, that was a private employer, though, in Heideck. And that's the question, Your Honor. It's a significant distinction, isn't it? I do not believe so, Your Honor. There's no basis – first of all, the Delaware Supreme Court has never held that Heideck does not apply to public employers. And there's no reason to think that it should be any different. Do you agree we don't have to decide that if we think he had an adequate – I do, Your Honor. I do, Your Honor. But I wanted to address that issue. But I do genuinely believe that when you go back and look at the basis for a property interest, it must come from state law. What's your answer to Mr. Bernstein's argument – it was Mr. Bernstein, right? Yes. That if you don't have a termination hearing, then you haven't been given due process. I think the law, as was pointed out, is very clear. It's notice of the charges and opportunity to be heard. And I think that met minimum due process requirements. He submitted a 15-page letter. Again, there's no dispute about the underlying facts. The letter that was submitted simply asked for mitigation. So that's not – that's certainly what he was entitled to and what he got. So I don't agree with the argument that Mr. Bernstein's made. Homily is a very unique District of Delaware case. Quite frankly, I don't mean to be critical of the district judge, but the court who decided that case did not even cite Cary v. Fyfus, which said essentially that, again, the point is to get it right. And if there's not going to be any difference in the outcome, that really doesn't make a claim. I'm glad you mentioned Cary because doesn't Cary, though, say that they get nominal damages? Even assuming that it wouldn't have made a difference, doesn't the plaintiff get a dollar and Mr. Bernstein get his attorney's fees? I don't think so, Your Honor, but I have to go back and look at that. I do not believe that it goes that far if the outcome would have been the same. Well, no, I mean that – But you're going to have to look at that. Only if there was a violation. But you'd have to show the violation. As I understand your argument, it's that there was no violation because he had due process. Correct. He had the elements of due process, as Judge Pollack had laid them out. Correct. And now whether Judge Pollack agrees that he met them is another point. Correct, Your Honor. Let's assume that I don't agree with myself. That happens to me a lot, Your Honor. And I've found many instances where non-agreement with myself was a prudent course. Now, if we were unsatisfied, as one could be, with the adequacy of the process at termination, suppose we were unsatisfied as to that, so that we return to canvas whether there was a property right here. Yes, Your Honor. Within the meaning of the 14th Amendment, is it your argument that this Court is controlled in making that determination by decisions of the Delaware courts? Here's what I would say, Your Honor. It's a very unusual, complicated area. But the property right theory certainly comes from federal constitutional due process principles. But every case in that area says whether or not there is a property right, you have to use the state law. And in this instance, Delaware state law, you may say it's maybe more conservative than you would like it to be, but Delaware state law is uniformly that an employer policy does not change the employee's at-will status. So, Your Honor, I would say that the Court has to look to Delaware state law to determine whether there is some basis in Delaware state law. But as Judge Hardiman has suggested to you, this is not just an employer. This is a public employer which has legislated, if you will, a policy. Doesn't that give it a fairly considerable status? Respectfully, Your Honor, it has not legislated a policy. This is not a legislature. This is a school board. They've adopted unilaterally a policy. School board is elected where I live. Are they not elected in Delaware? They're elected, Your Honor, but that doesn't mean they can legislate. For example, in the reply brief, there was a footnote dropped about what if they increased taxes on the citizenry. Well, that would be ultra vires, though. Exactly. But it's not ultra vires for the school board to set employment policies for its employees. That seems to be right up its alley. That's its policy, though, Your Honor, and I guess that's the point. And there's nothing in Delaware law that suggests that there should be any difference between public and private employers. Are there cases, Delaware cases, that say that a school board declared policy doesn't fit within the Delaware description of a governmental determination? Yes, Your Honor. In our brief, we cited a case in a different context. It was a negligence context where there was a policy that a school district had about having teachers out on the playground. And, again, it was a policy. It was in writing. And the plaintiff argued that the failure to comply with that policy was negligence per se because that was the equivalent of a statute. The Delaware Supreme Court said no, that's not the case. And, ultimately, if you look at the Delaware underlying statutes that are an issue here, it's not the school districts that have the authority in Delaware. It's the State Board of Education, the ultimate legal, what you would call legislative authority. Suppose it was a contract. Excuse me? We will not fire you except for just cause. Would that give him a property right? Absolutely. No question that would be a property interest. Cases are legion, a collective bargaining agreement, a personal employment contract. So why wasn't this one a property right? Because this was a unilateral employer policy. Under Delaware law, I know that you're smiling, but under Delaware law, and there's no suggestion that there's a difference between public and private employers in this area. Nor should there be, Your Honor. There's one thing to say, my policy is to do this. What were the facts in Stana, though? Your Honor, I have to admit. Stana were the Pittsburgh public school teachers who wanted, it was a pecking order, right, for transfers, I think? Yes, Your Honor. I mean, that wasn't even a written policy, and that was deemed to be a property right. Respectfully, Your Honor, that's Pennsylvania law. The property interest, again, comes from state law. So let's say that in Pennsylvania or another jurisdiction, and this whole area of employer policies varies from jurisdiction to jurisdiction. That's very interesting, but I'd like to get back to the hearing, such as it was. How do you, do you agree that, no, you don't agree, that you, it doesn't matter, you don't, do you ever need a post-termination hearing if you've had a pre-termination, an adequate pre-termination hearing? I think there's an adequate pre-termination hearing. There's no need for this kind of process that Mr. Bernstein is arguing for. Judge Pollack, did you have a question? I obviously missed the school case that you were referring to. I did. If you can come with me. I believe it's, I want to say it's Jones. Let me, I can find it real quick. Oh, that's Joseph v. Roe? Yes, Your Honor. The negligence case? Yes, Your Honor. But the holding there was that it did not have the force and effect of law. Correct. That goes to prong one of Steina, the statute prong. That doesn't speak to the written or unwritten policies prong of Steina. Understood, Your Honor, but there's cases, numerous cases that say that if the employee is an employee at will, then that's the equivalent of saying he does not have a property interest. And, again, under Delaware law, it's … Let me ask a hypothetical, though, because what about the case where Delaware hasn't spoken? Can't a federal court interpret Delaware law to find a property right, or is it your position that a Delaware court must establish the property right? Your Honor, I don't think the Delaware court would have to establish it. I think Your Honor's giving you the … I'm sorry to interrupt you, but that was probably an unfair question. That was a test question. That was a setup. That was a test question. Because you just admitted a minute ago when Judge Pollack was questioning you that a contract would create a property right. So what if that's a new contract that no Delaware court has ever had the opportunity to interpret? Couldn't a federal court say there's a property right under Delaware law? I guess what the court's saying, could the court make kind of an eerie guess this is not a diversity case? Exactly. Kind of that kind of analysis. I suppose the court could, Your Honor. Let me ask you another. In the contract, I'm sorry. In the contract case … Go ahead. Well, suppose Delaware law, strangely, the Delaware Supreme Court said there's a contract, but we don't care what the federal courts say. We don't think the contract gives him a property right for purposes of the requirement to have a due process hearing. Couldn't a federal court say, notwithstanding Delaware law, we don't agree? That's not what the … I think if the Delaware court were saying that, it would be entering into an area of federal law, which I think this court could certainly say that. So is it federal law that defines the property right, or is it Delaware law that defines it? Again, it's a very unusual area. The case law, and it's very clear, the case law, a property right is a federal constitutional concept. No question about that. Every case, every case says the genesis of that property right must be in state law. And the states can be as generous or as parsimonious in their definitions of what a property right is. Well, unless you have a property right. But in this context, we're saying that his employment at will status has not been changed, which this court has said that's the same thing as a property right. If you have no expectation of continued employment because you're an employee at will, you have no property right. And that's up to a state. I mean, I know, for example, in my practice, I know there are states that Alabama, for example, says that no public employee has any right other than at will expectation. That may not be what we would want. We may not say that's fair. But under property interest law, where you look at the state statutes and the state law, that's not an expectation of continued employment, and that does not create a property interest. I've now seen your reference to the Joseph case. And on the face of your description, I don't see that it's analogous to our problem. It's not directly on point, but I think the point is that just because there's a policy by a school district, that does not have the force and effect of law. The argument in Joseph, as you've described it, was that the plaintiff wanted a negligence per se standard. Did the Delaware Supreme Court say, no, you don't get negligence per se? I believe that was the whole thing. All you get is negligence? I believe the plaintiff could certainly argue negligence. But the point of a negligence per se argument is that there's been a violation of a law, and therefore the establishing of that violation is negligence. The plaintiff was not allowed to argue that simple negligence accrued? I'm not familiar with what happened in that trial, Your Honor. But I think the point for this argument is that the Delaware Supreme Court said that policy by the school district does not have the force and effect of law, such as an ordinance in a town, and therefore cannot be elevated to negligence per se, if I understand the case properly, Your Honor. Thank you very much. Thank you. Thank you. Mr. Bernstein? If the Court will allow, I do have a very brief rebuttal. We will allow, but I would like you to answer my question, because I want to be clear. What is it that happened at the board meeting? I'm sorry? What was the process at the board meeting that you believe failed to satisfy due process? Okay. Here is the process. Beresky wasn't told he could appear before the board, which he could. He wasn't told when the meeting was going to occur. And even when he found out on his own that the meeting was at 7 o'clock, and if he got there at 7 o'clock, the board had already decided his fate because they meet to hear personnel matters before the 7 o'clock meeting. In executive session, isn't that right? Pardon? In executive session. In executive session. And you say he could have appeared at the executive session? He didn't know there was one. That's not my question. Let's assume that he did know there was an executive session. Would he have had a federal constitutional right to appear at that executive session? Well, if he had appeared and said, I want to have my say, and they would have said no, we're not going to let you have your say, I would say yes, that's a violation. And suppose they said, we don't hear employees who are about to be terminated appear orally, but you can write us anything that you want. Would that meet federal constitutional requirements? It may, but here's why. Wait, wait, wait. Isn't that precisely what happened? Whether he was told when the meeting was or whether he was told he couldn't appear, in fact, he sent a 15-page letter in which he could have said none of those things really happened, but he didn't do that. Here's why. Doesn't that meet the Constitution? The Constitution in Gilbert requires a comprehensive hearing. And why wasn't this comprehensive? Here's why. The other requirement is that the hearing has to be before an impartial decision maker, and that is in the reply brief, page 12, Marshall v. Jericho. The neutrality requirement. We agree with that. Okay. I'm sure we agree with that. Can the court say that the board was impartial when the board says we always follow whatever the district recommends? Almost always, you said. I'm sorry? Before you said almost always. You didn't say always. But does that show impartiality? That shows partiality. Well, does that show impartiality if, in fact, it turns out that the administration, when it suggests that somebody should be terminated, has good reason to do that? How is that an impartial tribunal? How is it comprehensive? Suppose all the juries before Judge Pollack come out and decide that the defendant is guilty. Suppose all of them, not even almost all. All. Does that mean that Judge Pollack is biased? If the jury says we're predisposed to find people guilty, yes. And that's what you have here. What about when the person who claims he was wrongly convicted claims as the basis for the conviction the fact that a bunch of other people who were guilty were let go, and he doesn't even challenge the fact that he was guilty? Well, we don't have any evidence of that here. We have a board who says we're predisposed to do what the district recommends. Do we really have evidence that the board was predisposed? They said that. No. Did they say that? Well, that's the conclusion. What exactly did they say? They said we generally follow whatever the board recommends, and I would suggest that a reasonable conclusion from that is that they are not partial, and in fact they are predisposed. Okay. I think we understand your argument, which you've made vigorously. I wanted to make one point about the property interest, and I'm just going to refer the court to the Medding case, and it's discussed at page 20 of the opening brief, and the court in Medding, and Medding was totally ignored by the district court below, doesn't even mention it. Medding says Hydeck is distinguishable from the case at bar in that the booklet does not carry the legal force of law. Here we've got elected officials adopting a policy. What more could they have done? This is not a booklet case. Thank you very much. You're welcome. Thank you. You've certainly argued with vigor your client's position. I thank you for that. We will take the matter under advisement. Can we go on?